THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS PAUL BRAND,<br><br>Defendant. | CASE NO. CR17-0133-JCC<br><br>PRELIMINARY FORFEITURE ORDER |

This matter comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") (Dkt. No. 20) seeking to forfeit, to the United States, Defendant Travis Brand's interest in the following property:

1. Any and all images of child pornography, in whatever form and however stored;
2. One LG cellphone; and
3. One iPod.

The Court, having reviewed the papers and pleadings filed in this matter, including the United States' Motion, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- Item 1 (child pornography, visual depictions of minors engaged in sexually explicit conduct, as described in 18 U.S.C. § 2252) are forfeitable pursuant to 18 U.S.C. § 2253(a)(1);

- Items 2-3 (the electronic equipment) is forfeitable, pursuant to 18 U.S.C. § 2253(a)(3), as property used to commit or to promote commission of the offense of Distribution of Adapted or Modified Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(7); and
- Defendant has agreed, pursuant to the plea agreement entered on May 23, 2017, to forfeit the above-listed property (items 1-3) pursuant to 18 U.S.C. § 2253. (Dkt. No. 8 at ¶ 7).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to his plea agreement and 21 U.S.C. § 853(a), Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) The United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and/or its authorized agents or representatives, shall maintain items 2–3 (the electronic equipment) in its custody and control until further order of this Court. HSI shall destroy item 1 (any visual depictions) unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C. §§ 853(i) and 881(e);

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website, currently www.forfeiture.gov, for at least thirty (30) days. For any person known to have a potential interest in the property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from

the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in items 2–3;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title or interest in the items, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to items 2–3, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED this 26th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

PRELIMINARY FORFEITURE ORDER
CR17-0133-JCC
PAGE - 3